IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:18-cr-00397-JO |
| | ) | |
| v. | ) | |
| | ) | |
| COLE WILLIAM GRIFFITHS, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

JONES, J.

Defendant Cole William Griffiths (Griffiths) moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), requesting that his sentence be reduced to time served and that he spend the remainder of his imposed term of imprisonment on home confinement. ECF No. 62. Griffiths pleaded guilty to conspiracy to distribute marijuana and money laundering. In August 2020, the Court sentenced him to concurrent 24-month sentences on the charges. In the Judgment of Criminal Conviction (JCC), the Court recommended to the Bureau of Prisons (BOP) that Griffiths be placed at a Residential Reentry Center (RRC) with work release. ECF No. 47 at 2. Instead, the BOP designated Griffiths to FCI Sheridan's minimum security satellite camp. To avoid potential exposure to COVID-19 and to allow Griffiths time to challenge the BOP placement, the Court extended Griffiths's self-surrender date three times. ECF Nos. 57, 61, 64. His current surrender date is October 19, 2021.

Griffiths, age 32, has asthma, a condition that, according to the Centers for Disease and Control Prevention (CDC), *might* increase his risk of severe illness should he contract COVID-

1 Opinion and Order

19. *People Who Are at Higher Risk for Severe Illness,* CDC (March 29, 2021) *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited April 12, 2021). In October 2020, Griffiths's counsel wrote a letter to the Warden at FCI Sheridan requesting compassionate release. ECF. No 62-1. The record does not include any response by the Warden. Thereafter, Griffiths filed this motion which the government opposes.

## **LEGAL STANDARD**

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). However, Congress has expressly authorized a district court to modify a defendant's sentence in three limited circumstances, including granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons (BOP), Congress expanded the statute in the First Step Act of 2018. Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018) (FSA). Pursuant to the FSA, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and . . . that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

The "applicable policy statement by the Sentencing Commission" for sentence reductions was last amended before the FSA passed and is found in the Application Notes to United States Sentencing Guidelines (U.S.S.G.) § 1B1.13. Application Note 1 of the policy statement

commentary defines extraordinary and compelling reasons justifying compassionate release. U.S. Sentencing Guidelines Manual § 1B1.13, cmt. n.1 (U.S. Sentencing Comm'n 2018). Application Note 4 directs courts to consider the sentencing factors found in 18 U.S.C. §3553(a) and determine whether the defendant is a danger to the safety of the community before granting compassionate release. *Id.* at cmt. n.4. Although applying only to motions filed by the BOP director and not those filed by a defendant, the policy statement "may inform a district court's discretion for §3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 at *4 (April 8, 2021).

The Sentencing Commission's policy statement defines extraordinary and compelling circumstances to include among other factors the medical condition of the defendant, including a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id. at* cmt. n.1(A).

While the COVID-19 global health crisis is an exceptional event, even so, compassionate release remains "rare" and "extraordinary," and courts routinely deny claims from inmates absent a showing of truly exceptional circumstances. *United States v. Hamman,* No. 3:16-cr-185-SI, 2020 WL 3047371, at *5 (D. Or. June 8, 2020); *United States v. Valdez,* No. 3:19-cr-323-IM-01, 2021 WL 325715, at *3 (D. Or. Feb. 1, 2021). The existence of COVID-19 cannot alone justify compassionate release. As the United States Court of Appeals for the Third Circuit explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . [b]ut the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

To demonstrate extraordinary and compelling reasons for compassionate release, defendants should show that they are particularly susceptible to serious illness or death if they contract COVID-19, usually as a result of one or more underlying comorbidities. *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021). And '[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 1:16-cr-130-DAD, 2020 WL 704785, at *2-3 (E.D. Cal. Feb 12, 2020); *United States v. Valdovinos*, 3:18-cr-497-SI-03, 2020 WL 7711363, at *2 (D. Or. Dec. 29, 2020).

A defendant bears the burden to establish both that he has satisfied the procedural requirements for judicial review and that compelling and extraordinary reasons exist to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

## **DISCUSSION**

At the core of Griffiths's motion is a request to be resentenced. Griffiths anticipated he would be placed at an RRC based on the Court's recommendation at sentencing. Instead, the BOP placed him at a minimum-security facility. The sentence the Court imposed was two 24-month terms of imprisonment to be served concurrently. The Court recommended Griffiths be placed at a RRC. While a court may make recommendations regarding placement, it is only a recommendation. Ultimately, the BOP determines a defendant's placement. 18 U.S.C. § 3621(b).

While a compassionate release motion pursuant to 18 U.S.C. § 3582 provides an exception to the general rule that terms of imprisonment cannot be modified once imposed, the text of the statute contemplates that a defendant seeking release already be in the custody of the

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

To demonstrate extraordinary and compelling reasons for compassionate release, defendants should show that they are particularly susceptible to serious illness or death if they contract COVID-19, usually as a result of one or more underlying comorbidities. *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021). And '[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 1:16-cr-130-DAD, 2020 WL 704785, at *2-3 (E.D. Cal. Feb 12, 2020); *United States v. Valdovinos*, 3:18-cr-497-SI-03, 2020 WL 7711363, at *2 (D. Or. Dec. 29, 2020).

A defendant bears the burden to establish both that he has satisfied the procedural requirements for judicial review and that compelling and extraordinary reasons exist to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

## **DISCUSSION**

At the core of Griffiths's motion is a request to be resentenced. Griffiths anticipated he would be placed at an RRC based on the Court's recommendation at sentencing. Instead, the BOP placed him at a minimum-security facility. The sentence the Court imposed was two 24-month terms of imprisonment to be served concurrently. The Court recommended Griffiths be placed at a RRC. While a court may make recommendations regarding placement, it is only a recommendation. Ultimately, the BOP determines a defendant's placement. 18 U.S.C. § 3621(b).

While a compassionate release motion pursuant to 18 U.S.C. § 3582 provides an exception to the general rule that terms of imprisonment cannot be modified once imposed, the text of the statute contemplates that a defendant seeking release already be in the custody of the

BOP. *See United States v. Konny*, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020) (based on the "plain terms" of the statute, only defendants who have begun serving their term of imprisonment at a BOP facility are eligible for compassionate release); *United States v. Picardo*, No. 19-401 (SRC), 2020 WL 6501730 at *2 (Nov. 5, 2020) (compassionate release applies only to a defendant who has begun serving his term at a BOP facility). To date, Griffiths has not begun serving his sentence.

Furthermore, § 3582(c) provides the Court with limited authority to *reduce* a term of imprisonment, not modify a sentence so that a defendant can serve his entire sentence on home detention. *Id.* In a similar case in this district, *United States v. Staggs*, No. 3:18-cr-375-SI, 2020 WL 7625229 (Dec. 22, 2020), the court sentenced defendant to six months in prison to be followed by one year of supervised release. After receiving extensions to his self-surrender date, defendant petitioned the BOP for compassionate release, which was denied. Next, defendant filed a motion for compassionate release with the court, asking his sentence be reduced to time served and that he spend the remainder of his sentence on home confinement. In denying the defendant's motion, the court ruled there was no basis for resentencing. "Compassionate release allows for the reduction of a term of imprisonment, not a modification so that a defendant can serve his entire sentence on home confinement." *Id.* at *3. Here, changing Griffiths's sentence from 24-month concurrent sentences to 24 months of home detention, is tantamount to resentencing, which this Court has no legal authority to do.

Finally, Griffiths has not made the necessary showing that "extraordinary and compelling reasons" justify compassionate release. At 32 years old, Griffiths's age does not put him in the category of people who are more likely to get severely ill from COVID-19. *People with Certain Medical Conditions, ttps://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-*

*with-medical-conditions.html* (last visited April 30, 2021). And Griffiths does not allege that his asthma is moderate to severe, which could make him more likely to get severely ill from COVID-19. *Id.*

Vaccinations for COVID-19 are now available in the State for Oregon for anyone over the age of 16. *https://govstatus.egov.com/OR-OHA-COVID-19* (April 19, 2021). The vaccinations are effective in protecting individuals from severe illness or death from the novel coronavirus. *What We Know and What We're Still Learning*, *https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html.* (last visited April 30, 2021). The Centers for Disease Control and Prevention (CDC) reported that breakthrough cases, defined as positive COVID-19 test results received at least two weeks after patients receive their final vaccine does, represent 0.0097 percent of the fully vaccinated population. *COVID-19 Breakthrough Case Investigations and Reporting*, *https://www.cdc.gov/vaccines/covid-19/health-departments/breakthrough-cases.html* (last visited April 30, 2021). Currently, FCI Sheridan reports no cases of COVID-19 infections among inmates. *https://www.bop.gov/coronavirus/* (last visited April 30, 2021). After receiving three extensions on his self-surrender date, Griffiths has until October 19, 2021 to obtain a vaccination to protect himself from COVID-19.

## CONCLUSION

For the reasons stated, Griffiths's Motion for Compassionate Release, ECF No. 62 is DENIED.

Dated this 30 of April, 2021.

Robert E. Jones, Senior District Court Judge